```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

TIFFANY TOOTHMAN,
an individual,

    Plaintiff

v.                                               Civil Action No. 2:08-1037

BOB EVANS FARMS, INC. SHORT-TERM DISABILITY PLAN,
an Ohio Employee Welfare Benefit Plan, and
AMERICAN GENERAL LIFE COMPANIES, LLC,
a Texas Corporation, and
AIG LIFE INSURANCE COMPANY
a Texas Corporation, and
DOES 1 through 10, inclusive,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is the motion of defendant Bob Evans Farms, Inc. Short-Term Disability Plan ("Bob Evans") to set aside default and for leave to file its answer out of time ("motion to set aside"), filed June 3, 2009.

                                 I.

On September 4, 2008, plaintiff Tiffany Toothman instituted this action against the defendants. The next day, summons was issued as to Bob Evans, American General Life Companies, LLC ("AGL"), and AIG Life Insurance Company ("AIG").

On September 24, 2008, each of the summons were returned executed by the Secretary of State.  On October 6, 2008, AGL and AIG answered.  On May 27, 2009, the Clerk entered default against Bob Evans inasmuch as it had not answered the complaint.  On May 28, 2009, the court directed plaintiff to, inter alia, serve a copy of the Clerk's entry of default on Bob Evans no later than June 5, 2009.  The court further directed the Clerk to transmit a copy of the May 28, 2009, order to the registered agent for Bob Evans Farms, Inc., at 1300 East Ninth Street, Cleveland, Ohio, 44114.

On June 3, 2009, Bob Evans filed the motion to set aside.  The motion states in pertinent part as follows:

> The Plan is insured by . . . [AIG] and [Bob Evans] had understood that AIG's attorneys would also represent the interests of the Plan in this action. The Plan learned of the default on Friday, May 29, 2009. The Plan has a meritorious -- indeed dispositive -- defense to the Plaintiffs claim, viz. AIG adjudicated the Plaintiff's claim for benefits and bears financial responsibility for benefits that would be paid under the Plan should that claim prevail. And there is no prejudice to the Plaintiff, since the financially responsible entity, AIG, is a party to the action and is available to satisfy any judgment.

(Mot. to Set Asid. at 1).  AIG and AGL support the motion to set aside, noting that they, not Bob Evans, are the real parties in interest.

II.

Federal Rule of Civil Procedure 55(c) provides pertinently as follows: "For good cause shown the court may set aside an entry of default . . . ." Fed. R. Civ. P. 55(c). Our court of appeals recently observed as follows respecting requests to set aside defaults:

> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Payne ex rel. Estate of Calzada v. Brake  439 F.3d 198, 204-05 (4th Cir. 2006).  In assessing these factors, it is noteworthy that, in the related context of default judgment set asides, our court of appeals has observed that "over the years . . . [it has] taken an increasingly liberal view of Rule 60(b) . . . ." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988).

Bob Evans has a meritorious defense.  It appears that AIG bears the responsibility for any wrongful denial of benefits to Ms. Toothman.  Bob Evans also moved promptly for relief from default, just three business days after it learned that default

had been entered against it.  Additionally, inasmuch as AIG advised that it would defend Ms. Toothman's claims, Bob Evans bears no personal responsibility for the default.  Finally, Ms. Toothman has demonstrated no cognizable prejudice and there is no history of dilatoriness on Bob Evans' part.

Based upon the foregoing discussion, the court ORDERS as follows:

1. That the motion to set aside be, and it hereby is, granted;

2. That the entry of default against Bob Evans be, and it hereby is, set aside effective today; and

3. That Bob Evans be, and it hereby is, given leave to file an answer to the complaint no later than November 10, 2009.

The Clerk is requested to transmit this written opinion and order to all counsel of record and to any unrepresented parties.

ENTER:  November 3, 2009

John T. Copenhaver, Jr.
United States District Judge